```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TEXAS
                      BEAUMONT DIVISION

LEONDRUS MCBRIDE, JR.        §
VS.                          §    CIVIL ACTION NO. 1:05cv303
UNITED STATES OF AMERICA     §
```

## MEMORANDUM OPINION

Movant Leondrus McBride, Jr., proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In 1996, a federal grand jury returned a two-count indictment against movant and one co-defendant. In count 1, the defendants were charged with conspiracy to distribute and to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846. In count 2, the defendants were charged with possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Following a jury trial, movant was convicted of both offenses. He was sentenced to 360 months imprisonment on each count, with the sentences to run concurrently. A five year term of supervised release was also imposed.

The convictions were affirmed by the United States Court of Appeals for the Fifth Circuit in an unpublished opinion. *United States v. McBride*, No. 97-40705 (July 31, 1998). However, pursuant to the government's cross-appeal, movant's sentences were vacated and the case was remanded to the trial court for

resentencing.  On September 14, 1998, movant was sentenced to life imprisonment.

Movant subsequently filed a motion to vacate, set aside or correct sentence which was denied.  *McBride v. United States*, 1:99cv529 (E.D. Tex. Dec. 27, 2001).  The Fifth Circuit dismissed movant's appeal as untimely.

Pursuant to 28 U.S.C. § 2255, a second or successive motion to vacate may only be entertained by a district court if it has been certified by the appropriate court of appeals to be based on either:  (1) newly discovered evidence that if proven would prevent any reasonable factfinder from finding the movant guilty of the offense charged or (2) a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  Movant acknowledges this requirement, as he entitled his pleading "Application Pursuant to 28 U.S.C. § 2244(b)(2)(i-ii) for Leave to File a Second or Successive 2255 in the United States District Court for the Eastern District of Texas at Beaumont."

One day before he filed his pleading with this court, movant filed an application to file a successive motion to vacate with the Fifth Circuit.  *In re McBride*, No. 05-40558.  As a result, it appears movant's pleading was provided to this court either in error or as a courtesy copy.  The current case will therefore be dismissed as improvidently filed.  As provided by statute, the Fifth Circuit will determine whether movant should be permitted to file a successive motion to vacate.

<u>Conclusion</u>

For the reasons set forth above, this motion to vacate will be dismissed as improvidently filed. An appropriate final judgment shall be entered.

**SIGNED this the 6th day of May, 2005.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE